WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jermar Walton, | No. CV-14-02083-TUC-EJM |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Petitioner Frank Jemar Walton filed a pro se Petition for a Writ of Habeas Corpus ("PWHC") pursuant to 28 U.S.C. § 2254 on May 5, 2014.[1] (Doc. 1). Petitioner raises two grounds for relief: (1) ineffective assistance of counsel; and (2) due process violations. Respondents filed an Answer contending that the PWHC is untimely, and further that all of Petitioner's claims are unexhausted and procedurally defaulted and not cognizable on habeas review. Petitioner did not file a reply. The Court concludes that Petitioner's PWHC is untimely, and that Petitioner has not shown that he is entitled to statutory or equitable tolling. Accordingly, the petition will be denied.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2012, Petitioner pled guilty in Pima County Superior Court to one count of aggravated assault with a deadly weapon/dangerous instrument. (Doc. 14 Ex. A).

---

[1] Although the Petition was docketed by the Clerk on May 9, 2014, the Court assumes that Petitioner deposited his PWHC in the prison mailing system on May 5, 2014, as indicated by Petitioner's signature on his Petition. (Doc. 1 at 9).

Petitioner was sentenced to five years imprisonment. (Doc. 14 Ex. C). In his sentencing memorandum, Petitioner described the facts of his crime as follows:

> This incident arose out of a drunken Frank Walton walking down a residential street shooting a handgun up in the air. There was a confrontation with the victim who perceived that Frank was threatening him with the gun. Ultimately the victim shot at and wounded Frank with a shotgun. Frank never discharged his gun at either of the victims and no one but Frank was injured in this incident.

(Doc. 14 Ex. B at 1).

Petitioner did not file a Rule 32 petition for post-conviction relief.[2]

Petitioner deposited his PWHC in the prison mailing system on May 5, 2014. (Doc. 1). In Ground One, Petitioner claims that his counsel was ineffective for failing to investigate the police interview that took place after Petitioner underwent surgery and was on medication. Petitioner contends that counsel should have filed motions to have the charges dismissed based on Petitioner's condition during the interview and his improper waiver of his Miranda rights. In Ground Two, Petitioner alleges that his due process rights were violated when the detective misapplied Miranda, that he was not fully cognizant of his rights, and that his counsel did not file any motions.

Respondents contend that the PWHC is untimely and that Petitioner has not shown that he is entitled to statutory or equitable tolling. (Doc. 14). Respondents further contend that Grounds One and Two of the Petition are unexhausted and procedurally defaulted and that Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice to excuse his default. Respondents further allege that Petitioner's claims are not cognizable on federal habeas review. Respondents thus conclude that the PWHC is not properly before this Court for review and should be denied and dismissed with prejudice.

---

[2] As Respondents note, because Petitioner pled guilty to his charge, he could not file a direct appeal and could only challenge his conviction and sentence through a Rule 32 petition. *See* A.R.S. § 13-4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."); Ariz. R. Crim. P. 32.1 ("Any person who pled guilty or no contest, admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding.").

1

2

## II. STATUTE OF LIMITATIONS

### A. Timeliness

As a threshold matter, the Court must consider whether Petitioner's PWHC is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244. The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).

The other subsections being inapplicable here, Petitioner must have filed his habeas petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013). Petitioner was sentenced on September 25, 2012. (Doc. 14 Ex. C). Petitioner had 90 days from that date to file a notice of post-conviction relief. *See* Ariz. R. Crim. P. 32.4(a). Because Petitioner did not file a Rule 32 petition for post-conviction relief, Petitioner's

1  judgment and sentence became final on December 24, 2012 within the meaning of 28

2  U.S.C. § 2244(d)(1)(A). Thus, absent any tolling, the one-year limitations period would

3  have commenced on December 24, 2012 and expired on December 24, 2013.

4  **B. Statutory Tolling**

5  The one-year limitation period under AEDPA is statutorily tolled during the time

6  in "which a properly filed application for State post-conviction or other collateral review

7  with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see*

8  *also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for State post-

9  conviction relief is "'properly filed' when its delivery and acceptance are in compliance

10  with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8

11  (2000). Moreover, if a state court rejects a petitioner's PCR petition as untimely, it cannot

12  be "properly filed" and the petitioner is not entitled to statutory tolling. *Pace v.*

13  *DiGuglielmo*, 544 U.S. 408, 418 (2005).

14  In Arizona, post-conviction review is pending once a notice of post-conviction

15  relief is filed, even though the petition is not filed until later. *Isley v. Arizona Department*

16  *of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004); *see also* Ariz. R. Crim. P. 32.4(a)

17  ("A proceeding is commenced by timely filing a notice of post-conviction relief with the

18  court in which the conviction occurred."). An application for state post-conviction relief

19  remains pending until it has achieved final resolution through the state's post-conviction

20  procedure. *Carey v. Saffold*, 536 U.S. 214, 220 (2002). State law determines the

21  conclusion of collateral review and thus, state law also determines the conclusion of

22  statutory tolling under the AEDPA. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th

23  Cir. 2007).

24  Here, Petitioner did not file a notice of PCR or file a petition for Rule 32 relief.

25  Accordingly, statutory tolling does not apply to toll AEDPA's one-year statute of

26  limitations.

27  **C. Equitable Tolling**

28  In certain limited circumstances, AEDPA's one-year filing deadline may be

equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he can demonstrate that "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition. *Id.* at 2562 (quoting *Pace*, 544 U.S. at 418); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (generally, equitable tolling may be applied only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Further, a petitioner must establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

Here, Petitioner has failed to meet his burden. The record before this Court is devoid of any evidence to demonstrate that Petitioner is entitled to equitable tolling. Petitioner contends that he did not file any appeals because of his "intense hatred and distrust" of other inmates, and appears to allege that he paid other inmates to help him with his legal proceedings and was conned out of his money. (Doc. 1 at 5). Petitioner further states that this put him into a deep depression and that he finally started taking medication for his depression. *Id.* However, Petitioner does not explain why he waited so long to file his habeas petition, and Petitioner's claims are insufficient to demonstrate any extraordinary circumstances that prevented him from timely filing the petition. And, in any event, Petitioner's pro se status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) ("A petitioner's misunderstanding of accurate information cannot merit relief, as equitable tolling requires a petitioner to show that some extraordinary circumstance[ ] beyond [his] control caused his late petition, and this standard has never been satisfied by

a petitioner's confusion or ignorance of the law alone."); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) ("To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances stood in his way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on the petitioner's part . . . .") (internal quotation marks and brackets omitted)).

Accordingly, the Court finds that Petitioner is not entitled to equitable tolling and the PWHC is untimely.

## III.  CONCLUSION

In sum, the statute of limitations began to run on December 24, 2012 and ran uninterrupted until December 24, 2013. Petitioner did not file his federal habeas petition until May 5, 2014, approximately one year and five months after the limitations period expired. Therefore, based on the above analysis, the Court finds that Petitioner's PWHC is barred by the statute of limitations.[3] Accordingly,

**IT IS HEREBY ORDERED** that the Petition (Doc. 1) is denied and dismissed with prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed in forma pauperis on appeal because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 1st day of May, 2017.

Eric J. Markovich
United States Magistrate Judge

---

[3] In light of the finding of untimeliness, the Court declines to address Respondents' arguments on exhaustion and the effect of Petitioner's plea agreement on his ability to bring ineffective assistance of counsel claims.